

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2004

# Kelley v. Wegmans Food Market

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2741

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kelley v. Wegmans Food Market" (2004). *2004 Decisions.* Paper 774.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/774

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 03-2741 & 03-2792

FAY KELLEY,

Appellant in No. 03-2792

v.

WEGMAN'S FOOD MARKETS, INC.,

Appellant in No. 03-2741

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(District Court No. 02-cv-01377)
District Court Judge: Honorable Robert F. Kelly

Argued: March 30, 2004

Before: ALITO, FISHER, and ALDISERT, <u>Circuit Judges</u>.

(Filed: April 26, 2004)

Edward A. Greenberg (argued)
Daller, Greenberg & Dietrich
161 Washington Street
Eight Tower Bridge, Suite 900
Conshohocken, PA 19428-20620

*Attorney for Appellant/Cross-Appellee*

Mark H. Scoblionko (argued)
Scoblionko, Scoblionko, Muir &
Bartholomew
40 South 5th Street
Allentown, PA 18101


*Attorney for Appellee/Cross-Appellant*

---

## OPINION OF THE COURT

---

PER CURIAM:

### I.

In this appeal, Wegmans Food Markets, Inc. ("Wegmans") contends that the District Court erred in dismissing two prospective jurors for cause, denying Wegmans' request for a jury view, and excluding of certain testimony by Allentown Police Officer Mark Thomas. Fay Kelley ("Kelley"), the Cross-Appellant, argues that the District Court erred when, in alleged violation of its local rules, it allowed Wegmans to file its brief in support of its motion for a new trial separately from the motion itself. After a thorough review of the record and each party's arguments, we affirm the District Court's order.

### II.

### A.

The most substantial argument raised by Wegmans is that the District Court erred in granting Kelley's motion to remove two jurors for cause. The jurors in question were

both familiar with the Wegmans store in question and shopped there on a regular basis.[1]

The Supreme Court has long held that a litigant is "entitled to a fair trial but not a perfect one." McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984). The process of voir dire is designed to help impanel a "fair and impartial jury, not a favorable one." Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 511 (1984). The "factual determination by the trial court whether a juror can in fact serve impartially is entitled to 'special deference.'" United States v. Salamone, 800 F.2d 1216, 1226 (3d Cir. 1986); see also Kirk v. Raymark Industries, Inc., 61 F.3d 147, 153 (3d Cir. 1995) ("Because the trial judge is in the best position to assess the credibility and demeanor of the prospective jurors, district courts have been awarded ample discretion in determining how best to conduct the voir dire.") (internal quotation marks and citation omitted).

Given this standard of review, Wegmans' argument must fail. It would have been preferable if the jurors had been had been questioned on the record in the presence of the District Court and if the jurors now at issue had been questioned in greater depth about their familiarity with the Wegmans' store in question and their ability to sit impartially. Nevertheless, we cannot say that the District Court abused its discretion under the particular circumstances here.

---

[1] Juror Number 204 was familiar with the store and shopped their regularly. See App. at 20. Juror 216 was familiar with the store and shopped their several times a month. See App. 21, 28.

B.

Wegmans' second argument is that the District Court abused its discretion by denying its request to have the jury view the store and the parking lot. Wegmans asserts that the District Court did not consider the correct factors in coming to its decision, that the record demonstrates that a site visit would not have caused undue delay, and that a site visit would not have presented any unusual control difficulties.

As the First Circuit has stated, "a federal court, exercising its inherent powers, may allow a jury in either a civil or a criminal case to view places or objects outside the courtroom." Clemente v. Carnicon-Puerto Rico Management Assocs., L.C., 52 F.3d 383, 385 (1st Cir. 1995). However, a District Court's decision to disallow a jury view "is highly discretionary." United States v. Triplett, 195 F.3d 990, 999 (8th Cir. 1999); see also Clemente, 52 F.3d at 386; United States v. Passos-Paternina, 918 F.2d 979, 986 (1st Cir. 1990). In Passos-Paternina, the Court affirmed the District Court's denial of the jury view due to the "dangerousness" of the site in question (a ship) and "the *availability of sufficient testimonial evidence* about the vessel." Passos-Paterina, 918 F.2d at 986 (emphasis added); see also United States v. Culpepper, 834 F.2d 879, 883 (8th Cir. 1987) (upholding the District Court's denial of a jury view where the site in question had changed due to rain and other circumstances and because the evidence included photographs from the day after the events in question occurred); Triplett, 195 F.3d at 999 (upholding the denial of a jury view where the trial evidence included photographs and

diagrams of the sites of the defendant's arrests in addition to testimony concerning the circumstances and conditions at those locations at the relevant times).

In light of this case law, we believe that the District Court was well within its discretion in denying Wegmans' request for a jury view of the store premises. In its order denying Wegmans motion for a new trial, the District Court stated: "I felt that a jury view would be time consuming, difficult to control, and I did not think it was necessary in order for the jury to fully appreciate the case, especially in light of the numerous photographs and reports, and the relevant testimony I allowed into evidence." App. at 16. This rationale parallels that upheld by other Circuits. Thus, the District Court did not abuse its discretion in denying Wegmans' motion for a jury view.

C.

Wegmans' final argument is that the District Court abused its discretion by excluding the testimony of Allentown Police Officer Mark Thomas concerning his knowledge of the use of security guards by businesses within his patrol area. Wegmans sought to elicit testimony that "stores and banks in the west end of Allentown do not use security guards." Appellant's Br. at 30.

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. "[R]elevant evidence" is evidence "having any tendency

5

to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence, however, may be excluded by the District Court where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. We review a decision to "admit or reject testimony under Rule 403 for abuse of discretion and . . .will not reverse such a ruling unless it is arbitrary and irrational. Robert S. v. Stetson Sch., Inc., 256 F.3d 159, 170 (3d Cir. 2001) (internal citations and quotation marks omitted).

Here, while we reject Kelley's argument that the testimony was not relevant, we cannot say that the very demanding standard of review under Rule 403 is met. We might not have balanced the interests as the trial judge did, but we cannot reverse under the applicable standard of appellate review.

D.

On cross-appeal Kelley argues that the District Court committed reversible error by refusing to dismiss Wegmans' motion for a new trial for failure to comply with the Eastern District's briefing requirement under Local Rule 7.1(c). Kelley seems to suggest that this argument has a jurisdictional dimension. If we understand Kelley's position correctly, Kelley suggests that if the District Court had dismissed Wegmans' new trial motion (for failure to comply with the local rule), instead of denying the motion on the

6

merits, Wegmans' time to file notice of appeal would have run from the entry of the judgment, not from the dismissal of the new trial motion, and Wegmans' notice of appeal would have therefore been untimely. This argument is incorrect. Even if the new trial motion had been dismissed under the local rule, the time to appeal would have run from the date of the order "disposing of" the motion. Fed. R. App. 4(a)(4)(A)(v).

To the extent that Kelley's argument is not jurisdictional (i.e., to the extent that it merely seeks affirmance of the denial of the new trial motion on another ground), a cross-appeal was not needed. Moreover, since we have affirmed the denial of the new trial motion on the merits, this argument is moot.

In any event, the argument is not well taken. A District Court "can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." United States v. Eleven Vehicles, 200 F.3d 203, 215 (3d Cir. 2000). The District Court did not abuse its discretion in allowing Wegmans to file its brief later and separately from its motion for a new trial. Allowing the separate filing permitted Wegmans to cite to the trial transcript, and this provided a sufficient basis for a departure from the local rule. Kelley argues that Wegmans' did not cite extensively to the transcript in the brief, but even a few citations provided an adequate basis for the ruling. Furthermore, even if, as Kelley argues, another decision of the Eastern District of Pennsylvania rejected a similar rationale for departing from the rule, that decision did not

7

bind the judge in this case, and it obviously does not bind us.

Kelley's argument that the District Court violated its Local Rule 6(b) is equally groundless. There is no dispute here that Wegmans filed its motion for a new trial within ten days as required by Rule 59. Rather, the contention is that Wegmans filed its motion without a brief as required by the *local* rules of procedure. But the District Court was permitted to depart from Local Rule 7.1(c).

III.

We have reviewed all of the parties' arguments and see no grounds for reversal. Therefore, we affirm the order of the District Court.